**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNETH J. TAGGART, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  16-00063 |
| WELLS FARGO BANK, N.A., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

STENGEL, J.                                                                        September 30, 2016

Currently pending before the Court are the Motions to Dismiss by (1) Defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems Inc., MERSCORP Holdings, Inc., and Federal Home Loan Mortgage Company (collectively, the "Mortgage Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) Defendant Lisa Roach ("Roach") pursuant to Federal Rule of Civil Procedure 12(b)(6); and (3) Defendant Eugene Jaskiewicz ("Jaskiewicz") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).  For the following reasons, the Motions to Dismiss are granted.[1]

I.      **FACTUAL BACKGROUND**

Plaintiff Kenneth J. Taggart ("Plaintiff") filed a Complaint against Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems Inc. ("MERS"), MERSCORP, Inc., Federal Home Loan Mortgage Corp. ("Freddie Mac"), American Partners Bank, Eugene Jaskiewicz, Lisa Roach, and John Doe Defendants, for various claims in connection with the property he owns at

---

[1] For the reasons discussed below, the claims against the Mortgage Defendants will be dismissed without prejudice, but the claims against Roach and Jaskiewicz will be dismissed with prejudice.

709 Schwab Road, Hatfield, Pennsylvania 19440 ("the Property").  (Compl. at 2 ¶ 1.)[2]  Plaintiff

seeks (1) to determine whether the note and mortgage "were ever perfected by the original lender

under Pennsylvania law, or even if purported original lender had a legal existence;" (2) to

determine "all claims made by purported subsequent, or claimed subsequent, or claimed

successor's [sic] in interest to the mortgage and note under Pennsylvania Law;" (3) to determine

"the validity of the mortgage, note, and any subsequent assignments of mortgage, or any interest

in the Mortgage or Note;" and (4) "to have the court validate, or invalidate, any interest in the

Mortgage and Note."  (Compl. at 2 ¶ 1.)  Plaintiff believes that (a) the note and mortgage were

never perfected; (b) the original lender was not a legal entity on the date they were created; and

(c) no party can make claims under Pennsylvania law to enforce either the mortgage or the note.

(Id.)  Plaintiff alleges that "[s]everal parties" have made claims of ownership to the mortgage and

note, and he therefore seeks "to 'Quiet Title' & [obtain] 'Declaratory Relief' against all claims of

ownership, and rights associated with the mortgage and note."  (Id. at 3 ¶ 2.)  Plaintiff believes

he "is entitled to declaratory relief as to the validity of the mortgage, note and any assignments."

(Id.)

On February 6, 2009, a mortgage was recorded for the Property in the Montgomery

County Recorder of Deeds Office, indicating that the mortgage was originated by American

Partners Bank, N.A. as the grantor and that Plaintiff is the grantee.  (Id. at 6 ¶ 2.)  The mortgage

was originated on December 16, 2008.  (Id.)  Plaintiff alleges that the Note was never recorded.

(Id. at 9 ¶ 9(k).)  The mortgage was assigned to Wells Fargo, N.A. on April 5, 2010.  (Id. at 6 ¶

6.)  On May 18, 2010, that assignment was recorded with the Recorder of Deeds in Montgomery

County, Pennsylvania.  (Id. at 8 ¶ 8, 8 ¶ 9(a).)  Plaintiff alleges numerous failures and defects in

---

[2] Due to the numbering system Plaintiff utilized in drafting the paragraphs of his
Complaint, citations to the Complaint will use both the page number and paragraph number.

connection with the mortgage and note and their creation, recording, and assignment.  (See Complaint at 1–18.)  All of the claims set forth in the Complaint stem from these purported failures and defects.

## II.    STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.  Id.; see also Phillips v. Cnty. of

Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.    DISCUSSION

The Mortgage Defendants move to dismiss Plaintiff's Complaint in its entirety for failure to state a claim under Rule 12(b)(6) and because Plaintiff's claims are barred pursuant to *res judicata*. Roach moves to dismiss the claims against her for failure to state a claim under Rule 12(b)(6) and because Plaintiff never properly served her with the Complaint. Jaskiewicz moves to dismiss the claims against him for failure to state a claim under Rule 12(b)(6); because they are barred by Pennsylvania's judicial privilege, the gist of the action doctrine, and the economic loss doctrine; and for lack of personal jurisdiction pursuant to Rule 12(b)(2). Having considered the Complaint and the parties' briefs, I find Plaintiff's claims against each of the Defendants fail as a matter of law. I will therefore grant the Defendants' Motions to Dismiss.

**A.** **Quiet Title, Slander of Title, and Petition to Quiet Title Claims Against Wells Fargo, MERS, MERSCORP, and Freddie Mac**

In Counts One, Two, and Three of the Complaint, Plaintiff sets forth claims for quiet title, slander of title, and declaratory relief against Wells Fargo, MERS and MERSCORP, and Freddie Mac, seeking admissions, the surrender of documents, and declaratory relief in connection with the mortgage, note, and assignment.  (<u>See</u> Compl. 19–28.)  Plaintiff alleges that Freddie Mac purports to be the owner of the note and mortgage, that American Partners Bank did not exist the day the mortgage and note were created, that the note was not notarized or recorded, and that "[t]here have been claims by several parties to have an interest in the mortgage that was recorded."  (<u>Id.</u> at 6–7.)  Plaintiff further alleges numerous procedural and legal defects in connection with the mortgage, note, and assignment.  (<u>Id.</u> at 7–19.)

**1.** **Grounds for Dismissal Pursuant to Rule 12(b)(6)**

**a.** **Quiet Title**

The Mortgage Defendants assert that Plaintiff has failed to state a plausible quiet title claim against them due to numerous factual and legal insufficiencies in the Complaint with regard to both the mortgage and the assignment.  First, with respect to the mortgage, the Mortgage Defendants argue that Plaintiff did not allege specific facts regarding the "claims by several parties" purporting to have an interest in the mortgage, nor did he allege that any party other than Wells Fargo has tried to enforce the mortgage and note.  (Mortgage Defs.' Mem. Supp. Mot. Dismiss 9–10 (citing <u>Orman v. MortgageIT</u>, No. Civ.A. 11-3196, 2012 WL 1071219, at *10 (E.D. Pa. Mar. 30, 2012) (dismissing a quiet title claim where the plaintiffs did not allege facts or law supporting a need to quiet title).)  Second, with respect to the assignment, MERS is the assignor, not MERSCORP, and thus Plaintiff has no basis whatsoever for asserting a quiet title claim against MERSCORP.  (Mortgage Defs.' Mem. Supp. Mot. Dismiss 10 (citing Compl.

5

Ex. D).)  Third, the Mortgage Defendants argue that Plaintiff does not provide any legitimate

legal basis for his challenges to the validity of the note, mortgage, and assignment, or his

assertions that they somehow violated Pennsylvania's recording statutes and thus invalidated the

mortgage.  (Mortgage Defs.' Mem. Supp. Mot. Dismiss 10–13.)  Lastly, Plaintiff lacks standing

to challenge the assignment.  (Id. at 13 (citing Rottmund v. Continental Assurance Co., 761 F.

Supp. 1208, 1209 (E.D. Pa. 1990) (stating that under Pennsylvania law, those not in privity of

contract or with some other common law or statutory right are "strangers to the Agreement with

no standing to assert any rights thereunder.").)  Having reviewed the Complaint, I find that the

failings the Mortgage Defendants identified require dismissal of the quiet title claims against

them.

> ### b.  Slander of Title

The Mortgage Defendants also argue that Plaintiff has failed to state a plausible claim for

slander of title.

> The Pennsylvania Superior Court, describing the tort of slander of
> title, has stated: "Slander of title is the false and malicious
> statement, oral or written, made in disparagement of a person's
> title to real property . . . .  The element of malice, express or
> implied, in making slanderous statements respecting the title of
> another's property, is essential to the recovery of damages, and in
> the absence of proof of such malice the action will fail.  While the
> statement may be false, or made without right, there can be no
> legal malice and no action will lie, if it is made in good faith and
> with probable cause."

Kalian at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n, Inc., 275 F. Supp. 2d 578, 591–92

(M.D. Pa. 2003) (quoting Reed Road Assocs. v. Campbell, 582 A.2d 1373, 1374 n.2 (1990)

(internal citations and quotations omitted)).  In addition to the absence of plausible allegations

regarding any statements that could give rise to a claim for slander of title, the Complaint does

not contain any allegations of malice on the part of any of the Mortgage Defendants in

connection with any such statements.  Accordingly, the slander of title claims against the Mortgage Defendants must be dismissed.

### c.   Declaratory Relief

The Mortgage Defendants urge dismissal of "Plaintiff's requests for various declaratory judgments" because they are a request for a remedy, rather than the basis of a cause of action. (Mortgage Defs.' Mem. Supp. Mot. Dismiss 15 (citing Lorah v. SunTrust Mortgage, Inc., No. Civ.A. 08-0703, 2010 WL 5342738, at *6 (E.D. Pa. Dec. 17, 2010) (citing Jones v. ABN AMRO Mortgage Grp., Inc., 551 F. Supp. 2d 400, 406 (E.D. Pa. 2008) (stating that a "[d]eclaratory judgment is a remedy, not a count."), aff'd, 606 F.3d 119 (3d Cir. 2010)).)  Because the requests for declaratory judgments against the Mortgage Defendants do not identify a source of law giving rise to a cause of action that would provide such declaratory relief under the circumstances alleged, they must be dismissed.  See Jones, 551 F. Supp. 2d at 406 (finding that where a particular count "d[id] not identify the source of the alleged rights for which [the plaintiffs sought] declaratory relief [it] therefore fail[ed] to state a claim upon which relief may be granted.").  Additionally, as the Mortgage Defendants point out, Plaintiff's requests for declaratory relief do not satisfy the requirements under Pennsylvania law to state such claims, which is yet another ground for their dismissal.[3]  (See Mortgage Defs.' Mem. Supp. Mot. Dismiss 15 (quoting Chester Cmty. Charter Sch. v. Com., Dep't of Educ., 996 A.2d 68, 80 (Pa. Commw. Ct. 2010) (internal citation omitted)).)

### 2.   Dismissal Pursuant to Res Judicata

---

[3] "To state a claim for declaratory judgment, a party must allege facts that establish a direct, immediate and substantial injury, and it must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights."  Chester Cmty. Charter Sch. v. Com., Dep't of Educ., 996 A.2d 68, 80 (Pa. Commw. Ct. 2010) (citing Bowen v. Mount Joy Township, 644 A.2d 818, 821 (1994)).  The speculative allegations in the Complaint regarding the "several parties" making claims of ownership for the mortgage do not demonstrate the existence of an actual controversy.

The Mortgage Defendants also assert that Plaintiff's claims against Wells Fargo are barred by *res judicata* because they either were raised, or could have been raised, in his prior cases against Wells Fargo.  (Mortgage Defs.' Mem. Supp. Mot. Dismiss 15.)  Because I am granting the Mortgage Defendants' Motion to Dismiss the claims against them, I do not address the merits of their arguments in favor of dismissing the claims due to *res judicata*.  Should Plaintiff file an amended complaint, the Mortgage Defendants may re-assert their *res judicata* arguments.

### B. Quiet Title, Slander of Title, and Petition to Quiet Title Claims Against Lisa Roach

In Count Four, Plaintiff (1) seeks to compel Roach to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity, or discharge of documents affecting the Property; (2) seeks numerous admissions from her related to the notarization of the mortgage and note for the Property pertaining to the December 16, 2008 closing; (3) seeks to have her surrender or satisfy of record various forms of documentation, or if any of the admissions Plaintiff seeks are denied, that she provide "evidence" in support of such denial; and (4) requests declaratory relief stating that the note and mortgage, as well as the notarization of the note and mortgage, are null and void and without value.  (Compl. at 28–30.)

First, Roach asserts that she was never served with the Complaint.  (Def. Roach's Mem. Supp. Mot. Dismiss 3.)  Thus, Plaintiff's claims against Roach are dismissible for lack of personal jurisdiction.  Second, they are subject to dismissal because they do not state legally cognizable claims.  Specifically, Roach has no interest in the mortgage or the note; her involvement with the mortgage was simply to notarize Plaintiff's signature at settlement; and numerous of Plaintiff's "claims" against her appear to be discovery requests.  See Taggart v. Morgan Stanley ABS Capital I Inc., No. Civ.A 16-62, 2016 WL 4076818, at *4 (E.D. Pa. Aug. 1,

2016) (dismissing nearly identical claims against a notary sued by Plaintiff in another case) (internal citations omitted). Plaintiff captions his claims against Roach as quiet title and slander of title claims, yet alleges no facts regarding any claim of title to the Property by Roach, nor any facts regarding any slanderous and malicious statements by Roach. Accordingly, all of Plaintiff's claims against Lisa Roach in Count Four will be dismissed.

### C.  Claims Against Eugene Jaskiewicz

In Count Five, Plaintiff asserts claims against Eugene Jaskiewicz in connection with the assignment of the mortgage, for which Jaskiewicz served as a notary. Specifically, Plaintiff (1) demands declaratory and injunctive relief against Jaskiewicz for "failure to produce notary log, failure to provide evidence of notarization or acknowledgment [and] failure to submit notary log to department of records," pursuant to various Pennsylvania statutes; (2) seeks to compel him to file certain documents, or admit the validity, invalidity, or discharge of any document with respect to the Property; (3) seeks to compel him to admit that he has not produced certain documents pertaining to the notarization of the assignment of the mortgage on April 5, 2010 and that he retained those documents and refuses to submit them as required by state law; (4) seeks to compel him to produce various other types of "evidence" in support of any denial of Plaintiff's claims; (5) seeks a declaration from the Court that the mortgage assignment is null and void and has no value; and (6) seeks an order from the Court requiring Jaskiewicz to turn over various records so that they might be made public. (Compl. at 31–33.)

Plaintiff filed no response in opposition to Jaskiewicz's Motion to Dismiss, which urges dismissal of the Complaint for failure to set forth legally cognizable claims and for lack of personal jurisdiction due to Plaintiff's failure to serve Jaskiewicz with a copy of the Complaint. (Def. Jaskiewicz's Mem. Supp. Mot. Dismiss 7–10, 12.) As with the claims against Roach, the

claims against Jaskiewicz are dismissible not only for lack of personal jurisdiction, but also because they consist only of vague allegations that Jaskiewicz violated various sources of law, and thus cannot withstand a motion to dismiss.

More importantly, Plaintiff does not have standing to challenge the provisions of the Assignment because he is not a party to it.  See, e.g., Taggart v. Morgan Stanley ABS Capital I Inc., No. Civ.A 16-0062, 2016 WL 4076818, at *4 (E.D. Pa. Aug. 1, 2016) (citing Rottmund v. Cont'l Assur. Co., 761 F. Supp. 1203, 1208 (E.D. Pa. 1990) ("The validity of the Agreement and the effectiveness of any purported assignment are matters which are open to challenge or enforcement only by those in privity of contract or those with some legal right existing at common law or created by statute.  All others must be deemed strangers to the Agreement with no standing to assert any rights thereunder.")).  Accordingly, Count Five will be dismissed.[4]

**D. Declaratory Judgment as to Wells Fargo, Freddie Mac, American Partners Bank, and All Doe Defendants**

Count Six first seeks a declaratory judgment that (1) the mortgage is void and unenforceable; (2) the note is void and unenforceable; and (3) the mortgage and any subsequent assignments regarding the mortgage be vacated from the Recorder of Deeds Office in Montgomery County; second, requests "other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate;" and third, seeks a declaration that "all Defendants, shall refund all payments and monies received for the loan, note, or mortgage to Plaintiff" with pre- and post-judgment interest.  (Compl. at 33 ¶ 1–34 ¶ 5.) For the same reasons discussed above in connection with the declaratory judgment claims in

---

[4] In addition, Jaskiewicz seeks to dismiss Plaintiff's tort claims against him because they are barred by Pennsylvania's judicial privilege doctrine, as well as the gist of the action and economic loss doctrines.  (Def. Jaskiewicz's Mem. Supp. Mot. Dismiss 10–11.)  Having already found that Count Five must be dismissed on other grounds, I do not address Jaskiewicz's arguments regarding these Pennsylvania law doctrines.

Counts One, Two, and Three, Plaintiff's claim for declaratory relief in Count Six must be dismissed.

### E.   <u>Plaintiff's Motion to Remand</u>

According to Plaintiff, (1) the Mortgage Defendants' removal of this case to federal court was improper; (2) the case must therefore be remanded to state court; and (3) he is entitled to attorney's fees and costs related to his Motion to Remand.  (Pl.'s Resp. Opp'n to Mortgage Defs.' Mot. Dismiss 4–7.)  The Mortgage Defendants correctly note that, pursuant to 12 U.S.C. § 1452(f), Freddie Mac may remove a civil action to which it is a party to federal court.[5] Accordingly, Plaintiff's Motion to Remand is denied.[6]

### F.   <u>Plaintiff's Motion to Stay</u>

Plaintiff moves to stay this case pending resolution of the mortgage foreclosure proceedings against him, apparently interpreting the Mortgage Defendants' argument that his claims should instead be litigated as defenses in that action as a proposal to stay this case.  (Pl.'s Sur Reply and Mot. to Stay 3–4.)  As discussed above, Plaintiff has failed to allege factually and legally sufficient claims in this matter.  Such failings require dismissal of the Complaint in its

---

[5] 12 U.S.C § 1452 provides that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value" and that "any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac], without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending . . . ."

[6] In the Notice of Removal, the Mortgage Defendants also argued that Roach and Jaskiewicz were fraudulently joined in this matter and that, therefore, the requirements of diversity jurisdiction are satisfied.  As discussed above, this case was appropriately removed on the grounds that Freddie Mac is a party.  Accordingly, I need not address the parties' arguments regarding fraudulent joinder.  (<u>See</u> Docket No. 1, Notice of Removal 4–6; Pl.'s Resp. Opp'n to Mortgage Defs.' Mot. Dismiss 4–7; Defs.' Reply 4 n.3.)

entirety.  Thus, even if a stay were appropriate, it is unnecessary.  Accordingly, Plaintiff's Motion to Stay is denied.

### G. <u>Leave to Amend</u>

The United States Court of Appeals for the Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile.  <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility.  <u>Id.</u> at 236.  This opportunity to amend must be offered, even if, as in this case, the plaintiff does not specifically make such a request.  <u>Id.</u> at 235.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Nonetheless, "[t]o survive a motion to dismiss, a complaint—*even a* pro se *complaint*—'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Maxberry v. Sallie Mae Educ. Loans</u>, 532 F. App'x 73, 75 (3d Cir. 2013) (emphasis added) (quoting <u>Iqbal</u>, 556 U.S. at 663 (quoting <u>Twombly</u>, 550 U.S. at 570)).

In this case, Plaintiff filed a *pro se* complaint prior to obtaining counsel, but he is an experienced federal court litigant.  <u>See, e.g.</u>, <u>Taggart v. Wells Fargo Home Bank N.A.</u>, No. Civ.A. 12-3177, 2013 WL 3009732, at *3 (E.D. Pa. June 18, 2013).  ("Although Plaintiff is *pro se*, his experience with the court system has provided him with far greater knowledge than a typical unrepresented party, and he should be aware that his numerous cases against Wells Fargo and Blank Rome are an abuse of the judicial process.")  Indeed, as of 2013, Plaintiff had already initiated seventeen lawsuits concerning his properties.  <u>Id.</u> at *1 n.1 (collecting cases).  The

allegations in the Complaint, the arguments in Plaintiff's briefs, and Plaintiff's litigation history support a finding that amendment to Counts Four and Five would be futile.  Cf. Maxberry, 532 F. App'x at 75–76 (affirming dismissal with prejudice where "[n]either the complaint nor the brief adduce[d] any evidence" supporting the plaintiff's claims and stating that the court "ha[d] no reason to believe that an amended complaint would survive a motion to dismiss" where the plaintiff's "past litigation practices indicate that he is prone to making incomprehensible and unsubstantial filings . . . .").  Plaintiff's claims against Roach and Jaskiewicz, therefore, are dismissed with prejudice.

With respect to Counts One, Two, Three, and Six, however, I find it is not necessarily futile for Plaintiff to attempt to re-structure the claims against the Mortgage Defendants into legally cognizable claims that are supported by sufficient factual allegations.  Accordingly, I will grant Plaintiff twenty days in which to file a second amended complaint properly setting forth a factual basis for the claims against the Mortgage Defendants.  Plaintiff's failure or inability to do so will, upon proper motion by the Mortgage Defendants, result in dismissal with prejudice.

## IV.   CONCLUSION

In light of the foregoing, the Defendants' Motions to Dismiss are granted and the Complaint is dismissed in its entirety.  The claims against the Mortgage Defendants in Counts One, Two, Three, and Six are dismissed without prejudice, whereas the claims against Lisa Roach and Eugene Jaskiewicz in Counts Four and Five are dismissed with prejudice.  Plaintiff's Motion to Remand and Plaintiff's Motion to Stay are denied.

An appropriate Order follows.