IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. TAGGART,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

: CIVIL ACTION
:
: NO. 16-00063

FILED
MAY 30 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

STENGEL, J.                                                            May 30, 2017

Defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems Inc., MERSCORP Holdings, Inc., and Federal Home Loan Mortgage Company have filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is granted.

### I. FACTUAL BACKGROUND

Plaintiff Kenneth J. Taggart filed an amended complaint[1] against Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems Inc. ("MERS"), MERSCORP, Inc., and Federal Home Loan Mortgage Corp. ("Freddie Mac"), for various claims in connection with the property he owns at 709 Schwab Road, Hatfield, Pennsylvania 19440 ("the Property"). (Am. Compl. at

---

[1] The plaintiff's original complaint was dismissed with prejudice as to the individual defendants, and was dismissed without prejudice as to the Mortgage Defendants. See Taggart v. Wells Fargo Bank, N.A., No. Civ.A. 16-00063, 2016 WL 5661736, at *6 (E.D. Pa. Sept. 30, 2016).

2.)[2] Plaintiff seeks generally to (1) determine the validity of the note and mortgage contract; (2) determine whether the note and mortgage were ever perfected under Pennsylvania law, and if any subsequent parties may make legal claims to enforce the note pursuant to the Pennsylvania Uniform Commercial Code; and (3) obtain declaratory relief, "contract relief," quiet title relief, and injunctive relief "to strike or vacate all recordings and claims, and all claims from any parties who assert claims to mortgage and note now, or at any time in the future which were simply, void ab initio." (Am. Compl. at 2–3.) The plaintiff believes that (1) the note and mortgage were never perfected; (2) the original lender was not a legal entity on the date they were created; and (3) no party can make claims under Pennsylvania law to enforce either the mortgage or the note. (Id. at 4–6.)

On February 6, 2009, a mortgage was recorded for the Property in the Montgomery County Recorder of Deeds Office, indicating that the mortgage was originated by American Partners Bank, N.A. as the grantor and that the plaintiff is the grantee. (Id. at 16 ¶ 68.) The mortgage was originated on December 16, 2008. (Id. at 16 ¶ 69.) The plaintiff alleges that Freddie Mac never recorded the note and mortgage that Wells Fargo claims to hold. (Id. at 16–17.) The mortgage was assigned to Wells Fargo, N.A. on April 5, 2010. (Id. at 17 ¶ 73.) The plaintiff alleges that the note was never recorded, but that one "Assignments [sic] of Mortgage" was recorded in Montgomery County, Pennsylvania.[3] (Am. Compl. at 17 ¶ 75.) The plaintiff alleges numerous failures and defects in connection with the mortgage and note and their

---

[2] Due to the unique numbering system the plaintiff utilized in drafting the paragraphs of his amended complaint, citations to the amended complaint will use both the page number and paragraph number where possible and/or necessary.

[3] The plaintiff previously alleged in the complaint that the assignment was recorded with the Recorder of Deeds in Montgomery County on May 18, 2010. (See Compl. at 8 ¶ 8, 8 ¶ 9(a).)

2

creation, recording, and assignment. (See Am. Compl. at 1–28.) All of the claims set forth in the amended complaint stem from these purported failures and defects.

## II.   STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of

3

complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

The defendants move to dismiss the amended complaint in its entirety for failure to state a claim under Rule 12(b)(6) and to dismiss the claims against Wells Fargo because they are barred pursuant to *res judicata*. Having considered the amended complaint and the parties' briefs, I find that the plaintiff's claims against the defendants fail as a matter of law. I will therefore grant the motion to dismiss on that basis. I previously granted the defendants' motion to dismiss the complaint without prejudice, but I will grant the motion to dismiss the amended complaint with prejudice for the reasons discussed below.

### A. Quiet Title, Slander of Title, and Petition to Quiet Title Claims Against Wells Fargo, MERS, MERSCORP, and Freddie Mac

In counts one, two, and three of the amended complaint, the plaintiff sets forth claims for quiet title, slander of title, and declaratory relief against Wells Fargo, Freddie Mac, and MERS

4

and MERSCORP, seeking admissions, the surrender of documents, and declaratory relief in connection with the mortgage, note, and assignment. (See Am. Compl. 28–37.) In support, the plaintiff alleges that Freddie Mac purports to be the owner of the note and mortgage, that American Partners Bank did not exist the day the mortgage and note were created, that the note was not notarized or recorded, and that "[t]here have been claims by several parties to have an interest in the mortgage that was recorded." (Id. at 4–5, 16–17.) He further alleges numerous procedural and legal defects in connection with the mortgage, note, and assignment. (Id. at 16–28.)

### 1. Grounds for Dismissal Pursuant to Rule 12(b)(6)

#### a. Quiet Title

The defendants assert that the plaintiff has failed to state a plausible quiet title claim against them due to numerous factual and legal insufficiencies in the amended complaint with regard to both the mortgage and the assignment. First, the defendants argue that a duly recorded mortgage is presumed valid, and that the plaintiff does not dispute that he obtained the loan and that he executed and delivered the note and mortgage. (Defs.' Mem. Supp. Mot. Dismiss 10 (citing Pitti v. Pocono Bus. Furniture, Inc., 859 A.2d 523, 525 n.3 (Pa. Commw. Ct. 2004).) Second, they argue that because Wells Fargo is the current mortgagee of record, it is a real party in interest and therefore has standing to enforce the mortgage, and that the note follows the mortgage. (Id. at 10–11 (citations omitted).) Third, the defendants point out that the plaintiff has not included facts to support his allegations that other parties have made claims to have an interest in the mortgage, that Wells Fargo asserted that Freddie Mac is the owner of the mortgage, or that Freddie Mac has represented to the plaintiff that it owns the note and mortgage. (Id. at 11.) The defendants next point out the flaws in the plaintiff's contentions regarding

5

American Partners Bank's name change, his unsupported theory concerning notarization of promissory notes, his assertion that he was not provided with a conformed copy of the note and mortgage at the closing, his belief that any noncompliance with the Pennsylvania recording statutes means that he no longer has obligations under the mortgage, his theories regarding what is required for a mortgage to be perfected, his belief regarding the consequences of "splitting" a note and mortgage, and his conclusions regarding the validity of the assignment of the mortgage. (Id. at 13–19.)

Having reviewed the conclusory allegations and inaccurate factual assertions in the amended complaint, I find that the failings that the defendants identified require dismissal of the quiet title claims against them. Simply put, the facts and arguments that the plaintiff sets forth do not show a need to quiet title. Accordingly, counts one, two, and three are dismissed.

### b. Slander of Title

The defendants argue that, as with the original complaint, the plaintiff has failed to state a plausible claim for slander of title in the amended complaint.

> The Pennsylvania Superior Court, describing the tort of slander of title, has stated: "Slander of title is the false and malicious statement, oral or written, made in disparagement of a person's title to real property . . . . The element of malice, express or implied, in making slanderous statements respecting the title of another's property, is essential to the recovery of damages, and in the absence of proof of such malice the action will fail. While the statement may be false, or made without right, there can be no legal malice and no action will lie, if it is made in good faith and with probable cause."

Kalian at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n, Inc., 275 F. Supp. 2d 578, 591–92 (M.D. Pa. 2003) (quoting Reed Road Assocs. v. Campbell, 582 A.2d 1373, 1374 n.2 (1990) (internal citations and quotations omitted)). The plaintiff has again failed to allege the element of malice in connection with any of the defendants' statements concerning title to the Property.

6

In addition, the plaintiff does not set forth any plausible allegations regarding statements that could support a slander of title claim. Thus, counts four and nine must be dismissed.

### c.  **Declaratory Relief**

As with the original complaint, the defendants urge dismissal of "Plaintiff's requests for various declaratory judgments" because they are requests for a remedy, rather than the basis of a cause of action. (Defs.' Mem. Supp. Mot. Dismiss 20 (citing Lorah v. SunTrust Mortgage, Inc., No. Civ.A. 08-0703, 2010 WL 5342738, at *6 (E.D. Pa. Dec. 17, 2010) (citing Jones v. ABN AMRO Mortgage Grp., Inc., 551 F. Supp. 2d 400, 406 (E.D. Pa. 2008) (stating that a "[d]eclaratory judgment is a remedy, not a count."), aff'd, 606 F.3d 119 (3d Cir. 2010)).)

Because the requests for declaratory judgments against the Mortgage Defendants do not identify a source of law giving rise to a cause of action that would provide such declaratory relief under the circumstances alleged, they must be dismissed. See Jones, 551 F. Supp. 2d at 406 (finding that where a particular count "d[id] not identify the source of the alleged rights for which [the plaintiffs sought] declaratory relief [it] therefore fail[ed] to state a claim upon which relief may be granted."). Additionally, as the defendants point out, the plaintiff's requests for declaratory relief do not satisfy the requirements under Pennsylvania law to state such claims, which is yet another ground for their dismissal.[4] (See Defs.' Mem. Supp. Mot. Dismiss 21

---

[4] "To state a claim for declaratory judgment, a party must allege facts that establish a direct, immediate and substantial injury, and it must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights." Chester Cmty. Charter Sch. v. Com., Dep't of Educ., 996 A.2d 68, 80 (Pa. Commw. Ct. 2010) (citing Bowen v. Mount Joy Township, 644 A.2d 818, 821 (1994)). The speculative and bare-bones allegations in the amended complaint regarding the "several parties" making claims of ownership for the mortgage do not demonstrate the existence of an actual controversy. The plaintiff does not address this problem, and instead argues that there is a "case controversy" because the defendants' have not produced evidence that American Partners Bank existed on December 16, 2008, or that it existed after January 2008. (Pl.'s Resp. Opp'n Mot. Dismiss 1–4, 5.) This argument is based on the fact that the bank changed names, and accordingly does not demonstrate the existence of a controversy.

7

(quoting Chester Cmty. Charter Sch. v. Com., Dep't of Educ., 996 A.2d 68, 80 (Pa. Commw. Ct. 2010) (internal citation omitted)).) For these reasons, counts five, six, seven, eight, and ten must be dismissed.

### 2. Dismissal of Claims Against Wells Fargo Pursuant to *Res Judicata*

The defendants also assert that the claims against Wells Fargo are barred by *res judicata* because they could have been raised in his prior cases against Wells Fargo. (Defs.' Mem. Supp. Mot. Dismiss 21, 23.) Because I am granting the defendants' motion to dismiss the amended complaint in its entirety, I do not address the merits of their arguments in favor of dismissing the claims against Wells Fargo pursuant to *res judicata*.

### B. Plaintiff's Motion to Stay

The plaintiff argues that this case should be stayed pending resolution of the mortgage foreclosure proceedings against him, having incorrectly interpreted the defendants' argument that his claims should instead be litigated as defenses in that action as a proposal to stay this case. (Pl.'s Resp. Opp'n to Mot. Dismiss 5–6.) As discussed above, the plaintiff has failed to allege factually and legally sufficient claims in this matter. Such failings require dismissal of the amended complaint in its entirety. Thus, even if a stay were appropriate, it is unnecessary. Accordingly, the plaintiff's motion to stay is denied.

### C. Leave to Amend

The United States Court of Appeals for the Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility. Id. at 236.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Nonetheless, "[t]o survive a motion to dismiss, a complaint—*even a* pro se *complaint*—'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Maxberry v. Sallie Mae Educ. Loans, 532 F. App'x 73, 75 (3d Cir. 2013) (emphasis added) (quoting Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 570)).

In this case, the plaintiff filed a *pro se* complaint prior to obtaining counsel, but he now has counsel and is himself an experienced federal court litigant. See, e.g., Taggart v. Wells Fargo Home Bank N.A., No. Civ.A. 12-3177, 2013 WL 3009732, at *3 (E.D. Pa. June 18, 2013) ("Although Plaintiff is *pro se*, his experience with the court system has provided him with far greater knowledge than a typical unrepresented party, and he should be aware that his numerous cases against Wells Fargo and Blank Rome are an abuse of the judicial process.") Indeed, as of 2013, Plaintiff had already initiated seventeen lawsuits concerning his properties. Id. at *1 n.1 (collecting cases).

The amended complaint does not address the failings identified in the original complaint which led to its dismissal. Thus, the allegations in the amended complaint, the arguments in the plaintiff's brief, and the plaintiff's litigation history—both in this case and more generally—support a finding that further amendment to the plaintiff's claims would be futile. Cf. Maxberry, 532 F. App'x at 75–76 (affirming dismissal with prejudice where "[n]either the complaint nor the brief adduce[d] any evidence" supporting the plaintiff's claims and stating that the court "ha[d] no reason to believe that an amended complaint would survive a motion to dismiss" where the plaintiff's "past litigation practices indicate that he is prone to making

9

incomprehensible and unsubstantial filings . . . ."). The amended complaint is therefore dismissed with prejudice.

## IV. CONCLUSION

In light of the foregoing, the defendants' motion to dismiss is granted and the amended complaint is dismissed with prejudice. The plaintiff's motion to stay is also denied.

An appropriate Order follows.